United States District Court
District of Massachusetts

Tony B. Gaskins,
        Plaintiff,                                    Civil Action

vs.                                                   No. 05-10858 GAO

UMass Correctional Health Services;                   Referred to Ch MJ MB Bowler
Susan J. Martin, Health Service Director;
David Nolan, Superintendent; Lois Mitchell,           Verified Civil
Deputy Superintendent, et al,                         Complaint and
        Defendants.                                   Jury Demand


I. Introduction

This is a civil complaint brought by plaintiff, Tony B. Gaskins, against the defendants for being deliberately indifferent and negligent towards his surgically repaired right shoulder, in which, by not receiving the proper after care, caused plaintiff permanent damage to his shoulder dwindling it from "full" mobility in violation of the federal constitution.

-2-

## II. JURISDICTION

Jurisdiction is invoked upon this court pursuant to 42 U.S.C. § 1983.

## III. PARTIES

1. Tony B. Gaskins, the Plaintiff, is and was at all times relevant to this complaint.

2. UMass Correctional Health Services, whose address is: One Research Drive-Suite 120C, is and was at all times relevant to this complaint, and are being sued in their individual and official capacity.

3. Susan J. Martin, the Defendant, who is the Director of the Health Service Division of the Department of Correction whose address is: 12 Administration Rd., P.O. Box 426, Bridgewater, MA. 02324, is and was at all times relevant to this complaint, and is being sued in both her individual and official capacity.

4. David Nolan, the Defendant, is the Superintendent of MCI-Cedar Junction, is and was at all times relevant to this complaint, and is being sued in both his official and individual capacity.

5. Lisa Mitchell, the Defendant, is the Deputy Super-

-3-

intendent of MCI-Cedar Junction, is and was at all times relevant to this complaint, and is being sued in both her official and individual capacity.

IV. Statement of Facts

6. On December 8, 2004, the plaintiff had orthoscopic surgery on his right shoulder in his rotator cuff and a piece of his clavical had to be removed. Shattuck Hospital performed the surgery.

7. During the period of the surgery, the plaintiff was housed in 10 Block Segregation Unit in cell #42.

8. About two weeks after the surgery, the plaintiff's staples were removed from his shoulder. He had no mobility and had a "no cuff" order for his right arm.

9. Shortly after the staples removal, the plaintiff returned to the Lemuel Shattuck Hospital as a "follow up" to his surgery and was given a "Thero Band" and some instructions to perform self-physical therapy on his shoulder.

10. The doctor also wrote up an order for the plaintiff

-4-

to receive physical therapy through the prison's health services unit for the lifting of weights and etc. to develop muscle mass lost during and after the surgery.

11. Upon returning to the prison with the theroband to use for exercise, the prison administration confiscated the theroband from the plaintiff and would not allow him to use it.

12. The plaintiff complained to the nurse making rounds in 10 Block that his theroband was confiscated by the prison and he needs some type of physical therapy to get better. She said she would look into it and never got back to him.

13. The plaintiff then complained to defendants Nolan and Mitchell that he must receive the physical therapy as ordered by the physician to regain strength and mobility in his shoulder or his shoulder would have to be "re-operated" on again. Nolan and Mitchell ignored his pleas.

14. Plaintiff's sister, Sindey A. Hayes, called the prison and spoke to defendant Mitchell, who, in turn, told Mrs. Hayes, "I will look into it."

-5-

15. Months passes by and plaintiff returned to Shattuck Hospital on March 10, 2005 as another "follow up." The doctor, Mary Connolly, questioned if plaintiff received "any" physical therapy since their last meeting. Plaintiff said no.

16. Mary Connolly was frustrated and said that if plaintiff did not receive physical therapy soon, it could cause scar tissue and permanent damage.

17. Mrs. Connolly noticed that his shoulder was very "weak" and that he lost a lot of "muscle mass." She said they may have to re-operate on his shoulder to remove the scar tissue and to "move" the shoulder joint.

18. Because of this medical neglect by defendants, the plaintiff has suffered greatly. He is in constant pain and is able lift his arm above his head without using his left hand to adjust his right arm.

19. Plaintiff no longer has "full" mobility in his right shoulder arm area and has lost a large amount of muscle mass.

20. The defendants actions were wanton, wilful, deliberately

- 6 -

INDIFFERENT, AND HAVE INFLICTED MENTAL AND EMOTIONAL DISTRESS UPON THE PLAINTIFF BECAUSE HE IS NOW PHYSICALLY DISABLED BECAUSE OF THE MEDICAL NEGLECT BY DEFENDANTS.

21. PLAINTIFF WAS VERY ATHLETIC AND HEALTH CONSCIOUS. BUT NOW HE IS UNABLE TO PROPERLY EXERCISE BECAUSE OF HIS NEW DISABILITY.

22. BECAUSE OF THIS DISABILITY, PLAINTIFF CANNOT BE CUFFED BEHIND HIS BACK AND MUST EITHER BE CUFFED IN THE FRONT OR IN "WAISTCHAINS." THE PAIN IS TOO UNBEARABLE TO BE HANDCUFFED BEHIND THE BACK.

23. PLAINTIFF'S RIGHT SHOULDER JUMPS IN AND OUT ITS SOCKET ON REGULAR OCCASIONS CAUSING HIM GREAT PAIN.

24. PLAINTIFF CAN NOT SLEEP GOOD AT NIGHT BECAUSE IF HE LAYS ON THE SHOULDER, IT CAUSES A GREAT PAIN THAT SHOOTS THROUGH HIS BODY LIKE ELECTRICITY CAUSING DISCOMFORT AND FOR HIM TO TRY TO SLEEP IN ONE POSITION TO GET SOME SLEEP.

25. THEN ON OR ABOUT APRIL 6, 2005, PLAINTIFF WAS TAKEN TO MCI-SHIRLEY MEDIUM TO ATTEND A SESSION OF PHYSICAL THERAPY, ALMOST FOUR AND ONE-HALF MONTHS LATER.

26. PLAINTIFF HAS SUFFERED PHYSICALLY AND EMOTIONALLY, AND CONTINUES TO SUFFER TO THIS DAY AND WILL FOREVER CONTINUE

-7-

to suffer because of this medical neglect.

27. The physical therapy plaintiff is beginning to receive is four months too late.

## V. Cause of Action

Plaintiff realleges and reaffirms paragraphs 1-27.

Count I.

28. CMass Correctional Health, a private contractor to administer the health care of prisoners, actions were delaying almost four and one-half months to give the plaintiff physical therapy on his surgically repaired shoulder was "deliberate indifference to the serious medical needs of the plaintiff" resulting in a "genuine privation", thereby amounting to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and 42 USC § 1985.

Count II.

29. Lisa Mitchell and David Nolan, as the Deputy Superintendent and Superintendent of MCI-Cedar Junction, they were obligated to assure that plaintiff's medical needs was attained but disregarded his pleas and now plaintiff is permanently disabled, where they had the power to have had

- 8 -

Plaintiff transported to MCI-Shirley Medium to receive physical therapy immediately after the staples were removed from his shoulder. They were "deliberately indifferent to the serious medical needs of the plaintiff" resulting in a "genuine privation", in violation the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

COUNT III.

30. Susan J. Martin's position is that she is responsible for the delivery of quality medical services to the entire Massachusetts Department of Correction inmate population. In this case, she failed miserably. Under her tutelage and supervision, the serious medical needs of the plaintiff was ignored resulting in a "genuine privation", in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

31. Plaintiff realleges and reaffirms paragraphs 1-30.

- 9 -

## VI. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

A. Award the Plaintiff $250,000.00, jointly and severally, against each defendant in punitive damages for the deliberate indifference to the serious medical needs of the plaintiff;

B. Award the Plaintiff $100,000.00, jointly and severally, against each defendant in compensatory damages for the infliction of mental and emotional distress on plaintiff for his suffering;

C. Award Plaintiff attorney fees and court costs;

D. Plaintiff demands a trial by jury;

E. Award Plaintiff any other relief this court deems just and equitable.

Dated: 4/15/05

Respectfully Submitted,

Tony B. Gaskins
Tony B. Gaskins, Pro Se
MCI-Cedar Junction
P.O. Box 100
S. Walpole, MA 02071

## VII. VERIFICATION

I, Tony Gaskins, verify that the facts stated herein are true and accurate.

Tony B. Gaskins
Tony B. Gaskins

# APPENDIX B. CIVIL COVER SHEET

JS 44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
TONY B. GASKINS, PRO SE

**DEFENDANTS**
UMASS CORRECTIONAL HEALTH; SUSAN J. MARTIN, DIRECTOR HEALTH SERVICE; DAVID NOLAN, SUPERINTENDENT OF MCI-CEDAR JUNCTION; LISA MITCHELL, DEPUTY SUPERINTENDENT OF MCI-CEDAR JUNCTION

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ?
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
PRO SE, MCI-CEDAR JUNCTION
P.O. BX 100, S. WALPOLE, MA 02071

**ATTORNEYS (IF KNOWN)**
05-10858 GAO
NANCY A WHITE, ESQ. (DEPT. OF CORRECTION)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)
☒ 362 Personal Injury — Med Malpractice

**VI. CAUSE OF ACTION**
42 USC § 1983. The defendants did not provide plaintiff with the physical therapy needed after his shoulder surgery causing plaintiff loss of muscle mass and permanent damage to his shoulder.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE    DOCKET NUMBER

DATE    SIGNATURE OF ATTORNEY OF RECORD
Tony Gaskins

UNITED STATES DISTRICT COURT    (OVER)

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE