UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS,
                Plaintiff,
    v.

Civil Action No.  05-10858-GAO

U MASS. CORRECTIONAL,
HEALTH SERVICES, ET AL.,
                Defendants

MEMORANDUM AND ORDER

For the reasons stated below, (1) Plaintiff's Motion to Proceed *in forma pauperis* is allowed, and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b); 2) Plaintiff's Motion for Appointed Counsel (#3) is denied without prejudice; and 3) Plaintiff's Motion to Serve Defendants by Regular Mail (#2) is denied; and 4) Plaintiff is directed to show cause, within forty-two (42) days of this Memorandum and Order, why the claim against Defendant U Mass. Correctional Health Care Services should not be dismissed for the reasons stated herein.

It is Further Ordered that summonses shall issue with respect to Defendants Susan Martin, David Nolan, and Lisa Mitchell, with costs of service to be paid by the United States Marshal's Office.

BACKGROUND

On April 25, 2005 Plaintiff Tony Gaskins, a prisoner at MCI Cedar Junction, Walpole, MA, filed a § 1983 civil action alleging deliberate indifference to his medical needs, by U-Mass Correctional Health Services, Susan Martin, the director of the Health Services Division of the Department of Correction, David Nolan, the Superintendent, and Lisa Mitchell, the Deputy Superintendent.

More specifically, on December 8, 2004, Plaintiff alleges that he had "orthoscopic [sic] surgery on his right shoulder in his rotator cup [sic] and a piece of his clavical had to be removed" Complaint, ¶ 6. Two weeks later the staples were removed, and he had no mobility of his arm. Plaintiff had been housed in 10 Block segregation, and had a "no cuff" order for his right arm. Complaint, ¶¶ 7-8. Shortly thereafter, Plaintiff was given a "theroband" with instructions to perform self-physical therapy on his shoulder. Complaint, ¶ 9. Plaintiff was also given a prescription for physical therapy (weight lifting) through the prison's Health Services Unit. Upon Plaintiff's return from the hospital to the prison after his follow-up examination, the prison administration confiscated the "theroband." Complaint, ¶¶ 10-11. Plaintiff complained to the nurse making the rounds and was told she'd look into the matter. Plaintiff did not receive a response. Complaint, ¶ 12. Plaintiff later complained to defendants Nolan and Mitchell about his inability to receive physical therapy and that failure to regain the strength and mobility would result in the need for a re-operation. Plaintiff's requests were ignored. Complaint, ¶ 13. Plaintiff's sister called the prison and spoke to Mitchell, who stated she would look into the matter. Complaint, ¶ 14. Plaintiff had not received any physical therapy for four and a half months, until April 6, 2005. At a further follow-up examination, Plaintiff was advised that without therapy, he was at risk of developing scar tissue and permanent damage. Complaint, ¶ 16. Plaintiff was told that his shoulder was very weak, and theat he has lost a lot of muscle-mass, and that it may require further surgery to remove the scar tissue and to move the shoulder joint. Complaint, ¶ 17. Plaintiff claims that because of the "medical neglect" by defendants, he is in constant pain, which makes it difficult to sleep, and has limited mobility of his right arm, and has lost a large amount of muscle mass. He claims he was an athletic and health-conscious

individual and this has effected his ability to exercise.  He also maintains that he is not able to be handcuffed in back, and must either be cuffed in front, or in waistchains.

Plaintiff seeks monetary damages against the defendants.  Accompanying his complaint was an Application to Proceed Without Prepayment of Fees, and a Motion for Appointment of Counsel (#3) and a Motion to Serve the Defendants by Regular Mail (#2).

DISCUSSION

I.      Motion to Proceed Without Prepayment of Fees

A review of Plaintiff's request to Proceed Without Prepayment of fees demonstrates that plaintiff is without sufficient funds to pay the $250 filing fee.  Accordingly, Plaintiff's Application to Proceed *in forma pauperis* is allowed.  However, although prisoner litigants may file applications for fee waiver under 28 U.S.C. § 1915, they are only excused from having to pay the entire filing fee up-front.  Therefore, by separate Order, Plaintiff shall be assessed an initial partial filing fee, with periodic installment payments to be made thereafter pursuant to § 1915(b)(1).[1]

It is Further Ordered that: The Clerk shall issue summonses as to Defendants Nolan, Mitchell and Martin, and the United States Marshal shall serve a copy of the summonses, complaint, and this order upon defendants as directed by Plaintiff,  with all costs of service to be advanced by the United States.  Plaintiff is advised that it is his responsibility to ensure proper service of process in accordance with the Federal Rules of Civil Procedure and Local Rule 4.1.

---

[1] After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Plaintiff's Complaint is Subject to Screening

Because Plaintiff is a prisoner, he is subject to the screening provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Complaints filed i*n forma pauperis* may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Additionally, 28 U.S.C. § 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. Id.

Even construing his pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff's action, or portions thereof, is subject to dismissal for the reasons stated below.

III.  Plaintiff's Complaint is Subject to Dismissal in Whole or Part

A. Section 1997e Requirement for Exhaustion of Remedies

Section 1997e(a) provides that no action shall be brought with respect to "prison conditions" under § 1983 by a prisoner "until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). Prison conditions, for purposes of § 1997e(a), have been broadly interpreted to include "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Plaintiff's various claims about his health and safety, nutrition, hygiene, and other issues he raises involve "prison conditions" and are subject to the exhaustion of remedies requirement[2]. See id.; accord Menina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).

Moreover, although not expressly sought, the fact that plaintiff may seek injunctive relief is insufficient to overcome the exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 740 (2001) (a prisoner must exhaust all available administrative processes regardless of the relief offered through those procedures); accord Menina-Claudio, 292 F.3d 31, 35 (1st Cir. 2002)(no futility exception to the exhaustion requirement); cf. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (citation omitted) (although the exhaustion requirement is not jurisdictional, it is mandatory). The failure to exhaust stands as an adequate grounds to dismiss this action. However, the Court will not dismiss this action at this time, and will permit summonses to issue with respect to Defendants Nolan, Mitchell, and Martin.

However, with respect to Defendant U Mass Correctional Health Services, the Court will

---

[2]However, the issue of his failure to receive good credit time, which may effect the duration of his sentence, may be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and the Court will not consider this claim in the civil action context.

not authorize a summons to issue at this time, and directs that Plaintiff show cause within forty-two (42) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated below.

### B. There is no Respondeat Superior Liability in § 1983 actions

In order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996) (citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992)).

In the instant case, Plaintiff fails to meet this second prong. To the extent Plaintiff's complaint asserts that U Mass. Correctional Health Services is liable under § 1983 for the actions of prison staff or its own medical staff providing services to prisoners, Plaintiff's claims against this defendant are subject to dismissal, because there is no *respondeat superior* liability based on actions of their employees. Liability under § 1983 is direct, not vicarious. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987). Because liability cannot be based solely on an employer-employee relationship with a tortfeasor, plaintiff's claims against this defendant are subject to dismissal. See Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

IV. <u>Motion for Appointment of Counsel</u>.

Along with his complaint, plaintiff has also filed a motion for appointment of counsel. Under 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. <u>DesRosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991)(citations omitted).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id.</u> In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. <u>Id.</u> at 24 (citations omitted).

In accordance with this standard, Plaintiff's request for counsel is denied, without prejudice. While Plaintiff's ability to pay for counsel is not disputed, the Plaintiff has failed to demonstrate that this case presents the kind of exceptional circumstances warranting appointment of counsel, especially in light of the deficiencies in this case as set forth in this Memorandum and Order, as well as the lack of complexity of the legal issues involved. <u>See</u> <u>id.</u> It is not enough for a Plaintiff to allege that he is a prisoner with limited resources or limited legal knowledge, or even that he will be on an unequal footing with the Defendants if he does not have counsel. If such an argument were sufficient, then virtually every *pro se* prisoner would qualify for appointed counsel.

This denial is without prejudice to renew after the Defendants have filed a responsive pleading, and upon a showing of exceptional circumstances warranting appointment of counsel,

as described herein.

    V.   Motion for Service by Regular Mail (#2)

In accordance with the Order for Service by the United States Marshal, with all costs of service to be born by the United States Marshal, Plaintiff's Motion for Service by Regular Mail upon the Defendants is denied as moot.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion to Proceed *in forma pauperis* is allowed and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's Motion for Appointment of Counsel (#3) is denied without prejudice;

3. Plaintiff's Motion for Service by Regular Mail (#2) is denied as moot; and

4. Plaintiff shall, within forty-two (42) days, show cause in writing why the claims against Defendant U Mass. Correctional Health Services should not be dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 9th day of May 2005.

                                       /s/ George A. O'Toole
                                       GEORGE A. O'TOOLE
                                       UNITED STATES DISTRICT JUDGE