United States District Court
District of Massachusetts

Tony B. Gaskins,                                Civil Action
    Plaintiff,                                  No. 05-10858-GAO
v.
UMass Correctional Health Service, et al,
    Defendants.

Plaintiff's Motion to Show Cause
Why Claim Should Not Be Dis-
missed Against UMass Correctional
Health Service

Now comes the Plaintiff, Tony B. Gaskins, in a show of cause why the claims brought furth by him against UMass Correctional Health Services should not be dismissed.

UMass Correctional Health Services is the medical provider for the entire Department of Correction, and are responsible for the health care of all prisoners lawfully in the custody and care of the Department of Correction. See Ortiz v. City of Imperial, 884 F.2d 1317 (9th Cir. 1989)(medical providers must have engaged in substantial deliberate indifference to prisoner's serious medical needs).

-2-

Since UMass are the contractually obligated medical providers, and if the plaintiff has suffered a serious injury due to their deliberate indifference as to his "serious medical needs," then they are liable under the doctrine of "Respondeat Superior." Black's Law Dictionary, Eighth Edition 2004, defines Respondeat Superior as "[T]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency."

The two main employees involved of plaintiff's serious injury incurred because their neglectful conduct are Dr. Carl Singletary and Stanley Galas,[1] Nurse Practitioner and Health Service Administrator here at the prison, who are employed by UMass Correctional Health Services. Dr. Singletary and Stanley Galas, NP, were aware that once the staples were removed from Mr. Gaskins shoulder, and the written order by the doctor that Gaskins was

---

[1] Dr. Carl Singletary is the main doctor at the prison and he ordered the staples removed from plaintiff's shoulder two weeks after the surgery. Nurse Practitioner Galas oversees all medical responsibilities at the prison.

-3-

TO BEGIN PHYSICAL THERAPY SESSIONS IMMEDIATELY, AND THAT IF HE WERE NOT TO RECEIVE THE PROPER PHYSICAL THERAPY, THE SUBSTANTIAL RISK OF INJURY AND PERMANENT DAMAGE TO HIS SHOULDER WAS IMMINENT, BUT THEY FAILED TO TAKE APPROPRIATE STEPS TO PROTECT HIM FROM THE KNOWN DANGER. See Estate of Cole by Pardue v. Fromm, 94 F.3d 254, cert. denied, Estate of Cole by Pardue v. Butler, 112 S.Ct. 945 (1996).

THIS MAKES UMASS CORRECTIONAL HEALTH SERVICES LIABLE UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR. MOREOVER, THE PLAINTIFF WILL AMEND HIS COMPLAINT TO ADD DR. CARL SINGLETARY AND STANLEY GALAS, NP TO IT. AND AS EMPLOYEES OF UMASS CORRECTIONAL HEALTH SERVICES, RESPONDEAT SUPERIOR APPLIES AND THE CLAIMS AGAINST UMASS SHOULD NOT BE DISMISSED.

IN THE CASE AT BAR, ITS ABOUT "DELAY IN MEDICAL CARE". THE "AFTER CARE" WHICH WAS TO BE IMMEDIATE DID NOT OCCUR UNTIL 4 1/2 MONTHS AFTER SURGERY, WHICH RESULTED IN SUBSTANTIAL HARM TO PLAINTIFF'S SHOULDER. See Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993) (DELAY IN MEDICAL CARE TO PRISONER CAN CONSTITUTE EIGHTH AMENDMENT VIOLATION ONLY IF THERE HAS BEEN DELIBERATE INDIFFERENCE, WHICH RESULTS IN SUBSTANTIAL HARM). See ALSO

-4-

McDuffie v. Hopper, 982 F.Supp. 817 (M.D. Ala. 1997)(delayed medical care); Casey v. Lewis, 834 F.Supp. 1477 (D. Ariz. 1993)(delayed medical care).

As the employers of Nurse Practitioner Galas and Dr. Singletary under the doctrine of respondeat superior, plaintiff has stated a claim against UMass upon which relief can be granted because UMass Correctional Health Services, as an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency, actions was not commensurate with modern medical science and of quality acceptable within prudent professional standards. Cf. U.S. v. De Cologero, 821 F.2d 39 (1st Cir. 1987).

Wherefore, the plaintiff asks this court not to dismiss the claim against UMass Correctional Health Services because he will be filing an amended complaint adding Dr. Carl Singletary and Stanley Galas, NP, both employees of UMass.

Respectfully submitted,

Tony B. Gaskins
Tony B. Gaskins, Pro Se
MCI-Cedar Junction
P.O. Box 100
South Walpole, MA. 02071

Dated: 5/16/05

cc/file: TBG