UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS,
    PLAINTIFF,

v.

UMASS CORRECTIONAL
HEALTH SERVICES, ET AL.,
    DEFENDANTS.

CIVIL ACTION
NO. 05-10858-GAO

## Motion For Appointment Of Counsel

Now comes the plaintiff, Tony B. Gaskins, moves this Honorable Court pursuant to 28 U.S.C. § 1915(d) for the appointment of counsel in this matter. The plaintiff states the following reasons why he should be allowed counsel.

1. Plaintiff challenges the defendants as being deliberately indifferent towards his serious medical needs when he had surgery on his right shoulder.

2. This Court should consider "the factual

-2-

complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S.Ct. 1995 (1992). It has also been determined that the most important factor is whether the case appears to have merit. See: Cooper v. A. Sargenti, 877 F.2d 170, 173 (2d Cir. 1989). Each of these factors are prevalent here and warrants appointment of counsel.

3. The complexity of this case is based on plaintiff having to face a medical tribunal that would require plaintiff seeking funds to retain the services of a doctor experienced in the area of orthopaedic to give an opinion as to the extent of plain-

-3-

tiff's injury incurred from the surgery.

4. Plaintiff is also in a segregation unit at the time and is unable to properly investigate this case and present his claims that would require extensive discovery. See Tucker v. Dickey, 613 F.Supp. 1124, 1133-1134 (1985)(need for discovery supported appointment of counsel); Tabron v. Grace, 6 F.3d 147, 156 (1993)(holding the need for discovery supports appointment of counsel). Moreover, the plaintiff is indigent with minimum legal training — a factor that supports the appointment of counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

5. Plaintiff has requested a jury trial that requires much greater

-4-

skill than the plaintiff has or can develop.

WHEREFORE, the plaintiff prays this motion is allowed.

RESPECTFULLY SUBMITTED,

*Tony B. Gaskins*

TONY B. GASKINS, PRO SE
MCI- CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA. 02071

DATED: 8/11/05

### CERTIFICATE OF SERVICE

I, TONY B. GASKINS, CERTIFY THAT I CAUSED A COPY TO BE SERVED ON: JUDY T. ADAMS, COUNSEL, LEGAL DIVISION, DEPARTMENT OF CORRECTION, 70 FRANKLIN STREET, SUITE 600, BOSTON, MA. 02110-1300, BY FIRST CLASS MAIL, POSTAGE PREPAID.

DATED: 8/11/05

*Tony B. Gaskins*
TONY B. GASKINS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS,
    PLAINTIFF,
v.
UMASS CORRECTIONAL
HEALTH SERVICES, ET AL.,
    DEFENDANTS.

CIVIL ACTION
NO. 05-10858-GAO

### AFFIDAVIT OF TONY B. GASKINS

I, TONY B. GASKINS, HEREBY DEPOSE AND STATE, THAT:

1. WHEN I SENT THE SUMMONS AND CIVIL COMPLAINTS TO THE U.S. MARSHAL TO MAKE SERVICE ON CARL SINGLETARY AND STANLEY GALAS, I ALSO HAD THE U.S. MARSHAL SERVE THEM WITH A DISCOVERY REQUEST FOR DOCUMENTS TOO.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATED: 8/8/05

                              /s/ Tony B. Gaskins
                              TONY B. GASKINS
                              MCI-CEDAR JUNCTION
                              P.O. BOX 100
                              SO. WALPOLE, MA. 02071