UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS,
                Plaintiff,
   v.

                                       Civil Action No.  05-10858-GAO

U MASS. CORRECTIONAL,
HEALTH SERVICES, ET AL.,
                Defendants

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated below, (1) Plaintiff's Motion to Appointment of Counsel (#21) is Denied;  (2) Plaintiff's Motion to Amend Complaint (#9) to add additional individual defendants is Allowed; summonses shall issue with respect to Dr. Carl Singletary and Nurse Practitioner Stanley Galas as defendants, with costs of service to be paid by the United States Marshal's Office; and 3) the claims against Defendant University of  Mass. Correctional Health Care Services are dismissed.[1]

BACKGROUND

On April 25, 2005 Plaintiff Tony Gaskins, a prisoner at MCI Cedar Junction, Walpole, MA, filed a § 1983 civil action alleging deliberate indifference to his medical needs, by U-Mass Correctional Health Services, Susan Martin, the director of the Health Services Division of the Department of Correction, David Nolan, the Superintendent, and Lisa Mitchell, the Deputy Superintendent.

---

[1] Additionally, the docket shall be corrected to reflect that document #8 is not a Motion to show cause, but is in fact, a response to the Court's Memorandum and Order to show cause (#5)

More specifically, on December 8, 2004, Plaintiff alleges that he had "orthoscopic [sic] surgery on his right shoulder in his rotator cup [sic] and a piece of his clavical had to be removed" Compl. ¶ 6. Two weeks later the staples were removed, and he had no mobility of his arm. Plaintiff had been housed in 10 Block segregation, and had a "no cuff" order for his right arm. Id. at ¶¶ 7-8. Shortly thereafter, Plaintiff was given a "theroband" with instructions to perform self-physical therapy on his shoulder. Id. at ¶ 9. Plaintiff was also given a prescription for physical therapy (weight lifting) through the prison's Health Services Unit. Upon Plaintiff's return from the hospital to the prison after his follow-up examination, the prison administration confiscated the "theroband." Id. at ¶¶ 10-11. Plaintiff complained to the nurse making the rounds and was told she'd look into the matter. Plaintiff did not receive a response. Id. at ¶ 12. Plaintiff later complained to defendants Nolan and Mitchell about his inability to receive physical therapy and that failure to regain the strength and mobility would result in the need for a re-operation. Plaintiff's requests were ignored. Id. at ¶ 13. Plaintiff's sister called the prison and spoke to Mitchell, who stated she would look into the matter. Id. at ¶ 14. Plaintiff alleges he had not received any physical therapy for four and a half months, until April 6, 2005. At a further follow-up examination, Plaintiff was advised that without therapy, he was at risk of developing scar tissue and permanent damage. Id. at ¶ 16. Plaintiff was told that his shoulder was very weak, and theat he has lost a lot of muscle-mass, and that it may require further surgery to remove the scar tissue and to move the shoulder joint. Id. at ¶ 17. Plaintiff claims that because of the "medical neglect" by defendants, he is in constant pain, which makes it difficult to sleep, and has limited mobility of his right arm, and has lost a large amount of muscle mass. He claims he was an athletic and health-conscious individual and this has effected his ability to exercise.

He also maintains that he is not able to be handcuffed in back, and must either be cuffed in front, or in waistchains.

Plaintiff seeks monetary damages against the defendants. Accompanying his complaint was an Application to Proceed Without Prepayment of Fees, and a Motion for Appointment of Counsel (#3) and a Motion to Serve the Defendants by Regular Mail (#2).

On May 9, 2005, a Memorandum and Order issued allowing Plaintiff's Application to Proceed *in forma pauperis*, and directing Plaintiff to show cause why this action should not be dismissed with respect to all claims against Defendant University of Mass. Correctional Health Care Services, for the reasons stated therein. The motion for appointment of counsel was denied without prejudice to renew after a response to the Complaint had been filed, upon a showing of exceptional circumstances warranting appointment of counsel.

In response to the Memorandum and Order to show cause, Plaintiff filed a Motion to Amend the Complaint (#9) to add additional individual defendants (Dr. Carl Singletary and Nurse Practitioner Stanley Galas), and a response to the show cause order (#8), reiterating his claims that the defendant entity University of Mass. Correctional Health Care Services is liable.

DISCUSSION

I.     <u>Motion for Appointment of Counsel</u>.

Plaintiff initial request for appointment of counsel (#3) was denied pending a response from the defendants and a showing of exceptional circumstances warranting appointment of counsel. <u>See</u> Memorandum and Order (#5). At that time the Court noted that Plaintiff does not have a constitutional right to appointment of counsel in this civil action. <u>See</u> <u>DesRosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991)(citations omitted).

Plaintiff has again renewed his request for appointment of counsel, contending, inter alia, that the issues presented are too complex for him to litigate, and that he has limited access to legal resources. As previously noted by this Court, however, it is not enough for a Plaintiff to allege that he is a prisoner with limited resources or limited legal knowledge, or even that he will be on an unequal footing with the Defendants if he does not have counsel. If such an argument were sufficient, then virtually every *pro se* prisoner would qualify for appointed counsel.

Moreover, Plaintiff has not sufficiently demonstrated to this Court that the circumstances of this case warrant appointment of counsel for the Plaintiff. The Court has considered the nature of the claims and does not find them to present novel or complex issues of law or fact of the type that justifies the drain on the pro bono resources of this Court. This type of deliberate indifference/medical malpractice claim is not uncommon.

Additionally, the Court considers the fact that Plaintiff Gaskins has filed a number of cases in this Court (and it appears that he may have other cases pending in state court as well. See Memorandum in Support of Motion to Dismiss (#23, page 5) in Gaskins v. Dennehy, C.A. 05-10630-JLT indicating Gaskins has nine pending actions). A review of the dockets of the cases in this Court demonstrates that Plaintiff has a familiarity of the English language and ability to organize his arguments in a cohensive manner. It also demonstrates that he has at least some understanding of the relevant substantive law underlying his claims, as well as a clear understanding of judicial procedures and motion practice in this Court. It also indicates that he does not appear to have any difficulties with access to the Court, although this finding is made solely for purposes of considering the appointment of counsel issues, and is not a finding with respect to his constitutional claims of inadequate law library in C.A. 05-10630-JLT and C.A. 05-

11230-JLT.

In short, Plaintiff has simply not demonstrated the kind of circumstances to justify the appointment of *pro bono* counsel in this case (compare Judge Tauro's Order (#34) granting the request for appointment of *pro bono* counsel in C.A. 05-11230-JLT).

Accordingly, Plaintiff's Motion for Appointment of Counsel is denied.

II.     Motion to Amend Complaint

Plaintiff has filed a Motion to Amend Complaint (#9) to add additional individual caregivers as defendants. The motion is Allowed and summonses shall issue with respect to add Dr. Carl Singletary and Nurse Practitioner Stanley Galas as defendants, with costs of service to be paid by the United States Marshal's Office. Plaintiff is again advised that it is his responsibility to ensure proper service of process in accordance with the Federal Rules of Civil Procedure and Local Rule 4.1. The clerk shall modify the docket to reflect the additional two defendants in this action.

III.    All Claims Against University of Mass. Correctional Health
        Care Services are Dismissed

The Court finds Plaintiff's show cause response to the Memorandum and Order (#5) to be deficient, in that it fails to state a cognizable claim under 42 U.S.C. § 1983. As noted in the prior Memorandum and Order, in order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir.

1996) (citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992)).

Here, Plaintiff fails to meet this second prong. To the extent Plaintiff's complaint asserts that University of Mass. Correctional Health Services is liable under § 1983 for the actions of prison staff or its own medical staff providing services to prisoners, Plaintiff's claims against this defendant are dismissed, because, contrary to Plaintiff's assertions otherwise, there is no *respondeat superior* liability based on actions of their employees. Liability under § 1983 is direct, not vicarious. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987). Because liability cannot be based solely on an employer-employee relationship with a tortfeasor, plaintiff's claims against this defendant are subject to dismissal. See Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

The Court declines to exercise supplemental jurisdiction over any state-law based claims Plaintiff may have against University of Mass. Correctional Health Care Services.[2]

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

---

[2] Whether such claims must, in any event, be raised in the state Superior Court medical malpractice tribunal pursuant to M.G.L. c.231 §60B remains to be seen.

1. Plaintiff's Motion to Appointment of Counsel (#21) is Denied;

2. Plaintiff's Motion to Amend Complaint (#9) to add additional individual defendants is Allowed; the clerk shall modify the docket accordingly;

3. Summonses shall issue with respect to Dr. Carl Singletary and Nurse Practitioner Stanley Galas as defendants, with costs of service to be paid by the United States Marshal's Office; and

4. The claims against Defendant University of Mass. Correctional Health Care Services are dismissed.


SO ORDERED.


DATED: September 1, 2005           /s/ George A. O'Toole
                                   GEORGE A. O'TOOLE
                                   UNITED STATES DISTRICT JUDGE