UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10858-GAO

|  |  |
|---|---|
| TONY B. GASKINS,<br>    Plaintiff,<br><br>V.<br><br>UMASS CORRECTIONAL HEALTH SERVICES,<br>DR. CARL SINGLETARY, and<br>STANLEY GALAS, NP, et al.<br>    Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, STANLEY GALAS AND CARL SINGLETARY'S STATEMENT OF LEGAL BASIS FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P 56, the defendants provide this statement of the legal bases for their Motion for Summary Judgment:

1.  Summary judgment is to be granted when, based on the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

2.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

3.  A non-moving party cannot rest on mere allegations; the non-moving party must adduce specific, provable facts that establish that there is a triable issue. Rogers v. Fair, 902 F.2d 130, 143 (1st Cir. 1990).

969663v1

4.      There must be "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986)(citations omitted).

5.      "In order to establish that medical mistreatment constitutes a violation of the Eighth Amendment, a prisoner must show 'acts or omissions' sufficiently harmful to evidence deliberate indifference to serious medical needs."  Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985).

6.      It must be demonstrated that the specific acts or omissions relative to a prisoner's medical treatment constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

7.      "[W]here there is no evidence of treatment so inadequate as to shock the conscience, let alone that any deficiency was intentional or evidence of acts or omissions so dangerous with respect to health or safety, that a defendant's knowledge of a large risk can be inferred, summary judgment is appropriate."  Toracco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991).

8.      Disagreement as to the appropriate course of medical treatment or the source of treatment does not constitute "deliberate indifference" and, as such, is not actionable as a violation of the Eighth Amendment.  Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

9.      Even substandard medical treatment would not constitute a cognizable claim absent a showing of "deliberate indifference" to the serious medical needs of an inmate.  Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1980).

969663v1

10. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which sound in state tort law. <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

11. In order to establish deliberate indifference, the plaintiff must prove that the defendant has a culpable state of mind and intended wantonly to inflict pain. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 19 (1st Cir. 1991).

Respectfully Submitted,
The Defendants,
STANLEY GALAS AND
CARL SINGLETARY, M.D.
By their attorneys,

/S/ Boaz N. Levin

_____
James A. Bello, BBO# 633550
Boaz N. Levin, BBO# 659904
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on the **28th** day of **October**, 2005.

/S/ Boaz N. Levin
_____
James A. Bello / Boaz N. Levin

969663v1