UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS                    CIVIL ACTION NO. 05-CV-10858-GAO

      Plaintiff,

vs.

UMASS CORRECTIONAL
HEALTH SERVICES, ET AL.

      Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION FOR PROPER PENS"

Defendants Nolan, Mitchell and Martin, through counsel, hereby oppose plaintiff's "Motion For Proper Pens." As grounds therefore, counsel for said defendants states as follows:

1. Plaintiff's request for "proper pens" in this case is an attempt to circumvent a denial of the same request he made in Gaskins et al. v. Nolan, et al, Civil Action No. 05-10630. In that case, Judge Tauro denied plaintiff's "Motion for an Order for Proper Pens to File Pleadings in this Action."

2. In on page 4 his Order, dated September 13, 2005, (attached as Exhibit 1,) Judge Tauro stated that, "it is apparent that the Plaintiffs have been able to access this Court and they have not demonstrated that they have or will likely to suffer an actual injury. Moreover, Defendants have represented that the restrictions on writing implements are made for the purpose of protecting correctional officers from stabbing by inmates, and that stabbings

have happened in the past, causing serious injuries to officers." The Order goes on to state that, "the Court defers to the prison authorities practices and judgment with respect to measures needed to secure internal order and maintain institutional security." See Exhibit 1.

3. As explained by Ms. Mitchell in her affidavit, attached as Exhibit 2, the "flex pens" were issued to prisoners in the DDU, 9 Block and 10 Block as a security measure. (Mitchell Affidavit, ¶10) The policy went into effect on November 26, 2004. Id. At that time, the DDU housed inmates who had been found guilty of committing the most serious disciplinary infractions while in DOC custody. (Mitchell Affidavit, ¶5) The Special Management Unit (SMU), composed of 9 Block and 10 Block, houses inmates who are awaiting hearings for serious disciplinary offenses, including charges that could result in a DDU sentence. (Mitchell Affidavit, ¶6)

4. On July 26, 2005, the DDU was temporarily closed, and its inmates were relocated to other housing areas, including 9 Block and 10 Block. (Mitchell Affidavit, ¶7) The "flex pen" policy aimed to prevent inmates from stabbing corrections staff and each other with hard plastic pens that could be fashioned into weapons. (Mitchell Affidavit, ¶10) As recently as November 13, 2004, a DDU inmate stabbed two corrections officers with a pen that had

been made into a weapon. Both officers were seriously injured, and one of them lost vision in an eye. Id.

5.  This Court should defer to the defendants' judgment in this regard. The courts are generally deferential to prison authorities in their adoption and execution of practices that, in their judgment, are needed to preserve internal order and maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). *See* Cutter v. Wilkinson, 125 S.Ct. 2113, 2124 n.13 (2005).

6.  The right of access to the courts is "narrow in scope" and "does not extend to enabling prisoners to litigate with maximum effectiveness once in court." Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000); Puleio v. Commissioner of Correction, 753 N.E.2d 814, 821 (Mass. App. Ct.), rev. denied, 759 N.E.2d 328 (Mass. 2001).

7.  Plaintiff is not entitled to access which is state-of-the-art. Access to the court need only be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977); Blake v. Berman, 625 F.Supp. 1523, 1525 (D. Mass. 1986). The constitutional standard is satisfied when an inmate has the ability "to prepare a petition or complaint," Carter v. Fair, 786 F.2d 433, 435 (1st Cir. 1986), and "to participate meaningfully in the legal process." Sowell v. Vose, 941 F.2d 32, 34 (1st Cir. 1991).

8.  To the extent that "ancillary features", such as writing supplies, "affect merely comfort or convenience" of access, the plaintiffs

        must show an "actual injury." <u>Id.</u> The court will not assume that a "less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers." <u>Id.</u>

9.     Finally, through his hand-written pleadings in this case, however, (paper numbers 4 and 9), ostensibly written with the very pens he complains of, he has demonstrated that the pens are adequate for writing. The fact that he would prefer to write with hard plastic pens is immaterial. Moreover, plaintiff obviously has access to typewriters, as is evidenced by the fact that the instant motion, and several other pleadings filed by plaintiff, have been typed.

Wherefore, Defendants request that the Court DENY plaintiff's Motion for Proper Pens.

                Respectfully submitted,

                NANCY ANKERS WHITE
                Special Assistant Attorney General

                /s/ Jody T. Adams

DATED: December 27, 2005        _____
                Jody T. Adams, Counsel
                B.B.O. # 633795
                Department of Correction, Legal Division
                70 Franklin Street, Suite 600
                Boston, MA  02110-1300
                (617) 727-3300 ext. 169

## **CERTIFICATE OF SERVICE**

     I hereby state under the pains and penalties of perjury that I did this day serve a photocopy of the above document upon the plaintiff (pro se) via first class mail.

|  |  |
|---|---|
| | /s/ Jody T. Adams |
| Date:   12/27/2005 | _____ |
| | Jody T. Adams |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TONY B. GASKINS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-10630-JLT |
| v. | ) | |
| DAVID NOLAN, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| TONY B. GASKINS, et al., | ) | |
| Plaintiffs, | ) | C.A. No. 05-11230-JLT |
| v. | ) | |
| KATHLEEN DENNEHY, et al., | ) | |
| Defendants. | ) | |

ORDER

TAURO, D.J.

In the interests of judicial economy, the following ORDER is hereby made with respect to each of the above-captioned cases:

I. <u>ORDER FOR CONSOLIDATION</u>:

Because there are identical claims in each in the above captioned cases, it is hereby ORDERED that Civil Action No. 05-10630-JLT and Civil Action No. 05-11230-JLT are CONSOLIDATED for all purposes, and filings made in C.A. 05-11230-JLT shall be deemed to have been made in C.A. 05-10630-JLT. All future filings shall be made only in Civil Action No. 05-10630-JLT and shall indicate the docket as "C.A. 05-10630-JLT (LEAD CASE)." Civil Action No. 05-11230-JLT shall be terminated as a pending case in light of this Order for Consolidation.

II. <u>ORDERS ON PENDING MOTIONS</u>:

A.  <u>Motions in Civil Action No. 05-11230-JLT</u>: The Court hereby Orders the following:

    1.    <u>Motion for Exemption from LR 7.1 (#43)</u>

The Defendants' Motion for Exemption from the consultation requirements of Local Rule 7.1 (#43) is ALLOWED, the Court finding exceptional circumstances exist to warrant a waiver of the requirement. The Plaintiffs, however, are not relieved from the requirements of Local Rule 7.1.

    2.    <u>Motion for Extension of Time to September 15, 2005 to Respond to Complaint and Motion for TRO/PI (#44)</u>

The Defendants' Motion for an Extension of Time to September 15, 2005 to Respond to the Complaint and Motion for TRO/PI (#44) is ALLOWED, *nunc pro tunc*, there being no timely opposition filed, and the motion appearing to constitute a reasonable request.

    3.    <u>Motion for Reconsideration re: Order (#45) re: Service of Process (#47)</u>

The Plaintiffs' Motion for Reconsideration with respect to clarification about re-service of process on all Defendants with respect to pleadings actually received by the Defendants. The Motion (#47) is ALLOWED to the extent that the Plaintiffs shall not be required to reserve any of the Defendants who have already been served by the United States Marshal. If the Defendants contend that proper service has not been made as of this date, the Defendants shall file a written statement indicating which Defendant(s) contest service of process at this juncture. This Court has previously permitted this action to proceed after preliminary screening pursuant to 28 U.S.C. § 1915, and has permitted free service to be conducted by the United States Marshal's Office. Therefore, the Court will permit the Plaintiffs to rectify any deficiencies in service upon the Defendants. However, given the limited resources of the Plaintiffs and the United States Marshal's Office, the Court need not delve into this matter further unless the Defendants seek to raise the lack of proper service as an issue.

Accordingly, the Defendants shall therefore notify this Court in writing, within fourteen (14) days of the date of this Order, as to whether any Defendant contests service of process at this time, or whether it waives any deficiencies with respect to service of process, both with respect to the Complaint and the Motion for Preliminary Injunction or Motion for Temporary Restraining Order.

    4.    <u>Motion for Preliminary Injunction/Temporary Restraining Order (#48)</u>

2

In view of the Order for Consolidation, the Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT, is denied without prejudice. The Plaintiffs' request for preliminary injunctive relief (#48) shall be considered in conjunction with the Plaintiffs' previously filed Motion for Preliminary Injunction and Temporary Restraining Order, in C.A. 05-10630-JLT (#14).

B. <u>Motions in Civil Action No. 05-10630-JLT</u>: The Court hereby Orders the following:

1. <u>Motion for Hearing (#12)</u>

The Plaintiffs' Motion for Hearing (#12) is DENIED without prejudice. Pursuant to Local Rule 7.1(e), if the Court concludes that a hearing should be held on any motion(s), a motion hearing will be set down for a hearing at such time as this Court determines. In making such determination, the Court will consider whether and to what extent *pro bono* counsel may be secured to represent the Plaintiffs, in accordance with this Court's prior Order in Civil Action No. 05-11230-JLT. At this juncture the Court is still making efforts to secure *pro bono* counsel for the Plaintiffs.

2. <u>Motion for Writ of Habeas Corpus Ad Testificandum (#13)</u>

For the reasons set forth in paragraph (1) above, the Motion for Writ of Habeas Corpus (#13) is DENIED without prejudice. If and/or when this Court determines a hearing is necessary, arrangements shall be made for the appearance of one or more of the Plaintiffs, either in person, by telephonic conference, or by video conference, as the Court deems appropriate.

3. <u>Motion for Preliminary Injunction/ Temporary Restraining Order (#14)</u>

The motion for Preliminary Injunction and Temporary Restraining Order (#14) is hereby REFERRED to Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits of the motion. Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT shall be considered in conjunction with Motion #14.

4. <u>Motion to Dismiss (#22)</u>

The Defendants' Motion to Dismiss (#22) is hereby REFERRED to

Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits or the motion.

5. <u>Motion for an Order for Proper Pens to File Pleadings in this Action (#25)</u>

The Plaintiffs' Motion for Proper Pens to File Pleadings in This Action (#25) is Denied. Based on the volume of pleadings filed to date, it is apparent that the Plaintiffs have been able to access this Court and they have not demonstrated they have or will likely to suffer an actual injury. Moreover, Defendants have represented that the restrictions on writing implements are made for the purpose of protecting correctional officers from stabbing by inmates, and that stabbings have happened in the past, causing serious injuries to officers. In light of this, the Court defers to the prison authorities practices and judgment with respect to measures needed to secure internal order and maintain institutional security. Plaintiffs have not sufficiently demonstrated good cause to overcome such deference to the prison authorities in this regard.

6. <u>Motion to Order Defendants to Provide Court With a Soft Pen for Examination (#26)</u>

For the reasons stated in paragraph (5) above, the Plaintiffs' Motion to Order Defendants to Provide Court With a Soft Pen for Examination (#26) is Denied. Again, the Court defers to the prison authorities with respect to the practices and policies made in order to maintain institutional security.

7. <u>Motion to Stay re: Motion to Dismiss (#27)</u>

The Defendants' Motion to Stay re: Motion to Dismiss (#27) is hereby REFERRED to Magistrate Judge Bowler for a ruling on the motion. Additionally, this case is referred to Magistrate Judge Bowler for all pretrial management, including the determination of whether Discovery practice is appropriate in this case, and if so, setting the parameters under which Discovery may proceed, as well as the time periods in which to conduct Discovery.

8. <u>Motion to Compel Defendants to Provide Plaintiff With Photocopies of Any Legal Documents Wished to Be Copied from the Ten Block</u>

4

Photocopier (#32)

In light of paragraph (#7) above, Referring all Pretrial Management to Magistrate Judge Bowler, the Plaintiffs' Motion to Compel Defendants to Provide Plaintiff With Photocopies of Any Legal Documents Wished to Be Copied from the Ten Block Photocopier by Plaintiff Tony B. Gaskins (#32) is Denied without prejudice. Magistrate Judge Bowler shall determine what documents the Defendants must provide to the Plaintiffs in this action, if any, as part of the Discovery management of this action

9. Motion for Writ of Habeas Corpus Ad Testificandum (#33)

For the reasons set forth in paragraphs (1) and (2) above, the Plaintiffs' Motion for Writ of Habeas Corpus (#13) is DENIED without prejudice. As noted previously, if and/or when this Court determines a hearing is necessary, arrangements shall be made for the appearance of one or more of the Plaintiffs, either in person, by telephonic conference, or by video conference, as the Court deems appropriate.

10. Motion to Strike Motion to Dismiss (#34)

Plaintiffs' Motion to Strike the Defendants' Motion to Dismiss is DENIED, no good cause having been shown for allowance of the motion.

CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. Civil Action No. 05-10630-JLT and Civil Action No. 05-11230-JLT are CONSOLIDATED for all purposes. Future filings shall indicate C.A. 05-10630-JLT as the Lead Case, and C.A. 05-11230-JLT shall be terminated as a pending case in view of the consolidation;

2. With respect to pending motions in Civil Action No. 05-11230-JLT:
   a. Defendants' Motion for Exemption from LR 7.1 (#43) is ALLOWED;
   b. Defendants' Motion for Extension of Time to September 15, 2005 to Respond to Complaint and Motion for TRO/PI (#44) is ALLOWED;
   c. Plaintiffs' Motion for Reconsideration re: Order re: Service of Process (#47) is ALLOWED to the extent that the Plaintiffs shall not be required to reserve any of the Defendants who have already been served by the United States Marshal, and the Defendants shall notify this Court in writing, within fourteen (14) days of the

5

                date of this Order, as to whether any Defendant contests service of process at this time, or whether it waives any deficiencies with respect to service of process, both with respect to the Complaint and the Motion for Preliminary Injunction or Motion for Temporary Restraining Order;

    d.      Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT, is DENIED without prejudice. The Plaintiffs' request for preliminary injunctive relief (#48) shall be considered in conjunction with the Plaintiffs' previously filed Motion for Preliminary Injunction and Temporary Restraining Order, in C.A. 05-10630-JLT (#14).

3.      With respect to pending motions in Civil Action No. 05-10630-JLT,

    a.      Plaintiffs' Motion for Hearing (#12) is DENIED;

    b.      Plaintiffs' Motion for Writ of Habeas Corpus Ad Testificandum (#13) is DENIED;

    c.      Plaintiffs' Motion for Preliminary Injunction/ Temporary Restraining Order (#14) is REFERRED to Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits of the motion. Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT shall be considered in conjunction with Motion #14;

    d.      Defendants' Motion to Dismiss (#22) is REFERRED to Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits or the motion;

    e.      Plaintiffs' Motion for an Order for Proper Pens to File Pleadings in this Action (#25) is DENIED.

    f.      Plaintiff's Motion to Order Defendants to Provide Court With a Soft Pen for Examination (#26) is DENIED;

    g.      Plaintiffs' Motion to Stay re: Motion to Dismiss (#27) is REFERRED to Magistrate Judge Bowler for a ruling on the motion;

    h.      Plaintiffs' Motion to Compel Defendants to Provide Plaintiff With Photocopies of Any Legal Documents Wished to Be Copied from the Ten Block Photocopier (#32) is DENIED;

    i.      Plaintiffs' Motion for Writ of Habeas Corpus Ad Testificandum (#33) is DENIED;

    j.      Plaintiffs' Motion to Strike Motion to Dismiss (#34) is DENIED;

4.      Civil Action No. 05-10630-JLT is hereby REFERRED to Magistrate Judge Bowler for

pretrial management, and for a Report and Recommendation on the following Motions: Motion for Preliminary Injunction/Temporary Restraining Order (#14) (including the issues subsumed in Motion #48 filed in C.A. 05-11230-JLT), Motion to Dismiss (#22); and Motion to Stay re: Motion to Dismiss (#27); and

5. Civil Action No. 05-10630-JLT is hereby REFERRED to Magistrate Judge Bowler for all pretrial management, including the determination of whether Discovery practice is appropriate in this case, and if so, setting the parameters under which Discovery may proceed, as well as the time periods in which to conduct Discovery.

SO ORDERED.

DATED: September 13, 2005

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

Lisa Mitchell - Mitchell affidavit.doc                                                                      Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS                              CIVIL ACTION NO. 05-CV-10858-GAO

      Plaintiff,

vs.

UMASS CORRECTIONAL
HEALTH SERVICES, ET AL.

      Defendants.

### AFFIDAVIT OF LISA MITCHELL

I, Lisa Mitchell, hereby depose and state as follows:

1. I am the Deputy Superintendent of Operations for Special Management Units at the Massachusetts Correctional Institution, Cedar Junction ("MCI-Cedar Junction") in Walpole, Massachusetts. I have held this position since August 2004.

2. The statements contained in this affidavit are either based upon my personal knowledge or upon my review of records that are kept and maintained in the official course of business at MCI-Cedar Junction.

3. MCI-Cedar Junction is a Level 6 (maximum security) correctional facility operated by the Massachusetts Department of Correction ("DOC").

4. I oversee the operation of the Department Disciplinary Unit ("DDU"), the Special Management Unit ("SMU"), and the Health Services Unit ("HSU") at MCI-Cedar Junction.

5. The DDU is located on the grounds of MCI-Cedar Junction in its own building separate from the main prison facility. Established in 1992, the DDU is designed to house inmates who have been found guilty of committing the most serious disciplinary infractions while

2

in DOC custody. Inmates may be sentenced to the DDU for a fixed period of time, up to ten years, as a punitive sanction for serious misconduct.

6. The SMU at MCI-Cedar Junction is located within the main facility in two different cellblocks. Those blocks are known as "9 Block" and "10 Block." Inmates who are housed in the SMU include those who are awaiting hearings for serious disciplinary offenses. Some of these inmates are charged with offenses that, if found guilty, could result in a sentence to the DDU.

7. On July 26, 2005, all inmates in the DDU were relocated to other housing areas. This was done as a security precaution following an incident in which a DDU cell door suddenly and inexplicably opened. The 106 inmates who were in the DDU were moved to four different areas: 9 Block (13 inmates), 10 Block (59 inmates), the HSU (1 inmate), and the SMU at the Souza-Baranowski Correctional Center (33 inmates). These inmates remain on DDU status and are serving their DDU sentences in their current housing assignments.

8. Plaintiff Tony Gaskins is currently housed in 10 Block.

9. At the present time, there are no inmates physically housed in the DDU building. This will remain the case until any and all problems related to the cell doors are resolved.

10. Inmates who were housed in the DDU and who are presently housed in 10 Block are not permitted to possess hard plastic writing pens. In place of hard pens, inmates may have "security flex pens." These pens are made of flexible rubber tubing. This policy took effect on November 26, 2004. It was instituted to prevent inmates from stabbing staff and each other with hard pens. Inmates had been known to fashion their hard plastic pens into weapons. Such stabbings have happened in the past, and officers and staff were seriously

12/22/2005 THU 3:34 FAX 5086608009 ☒004/004
Lisa Mitchell - Mitchell affidavit.doc
Page 3

3

injured as a result. One such incident occurred in the DDU on November 13, 2004. In that case, an inmate assaulted two officers with a hard plastic pen that he had altered into a weapon. Both officers were seriously injured, and one officer lost vision in one eye.

11. Inmates at MCI-Cedar Junction have access to typewriters that are made available to them. Prior to the closure of the DDU, a typewriter was available for use in the legal research area of the DDU. Inmates in 10 Block may use the typewriter that is located in the satellite law library.

Signed under the pains and penalties of perjury this 22 day of December 2005.

*Lisa Mitchell* (signature)
Lisa Mitchell