UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS,
      Plaintiff,

      v.                                    CIVIL ACTION NO.
                                            05-10858-GAO

CARL SINGLETARY, Doctor;
STANLEY GALAS, Nurse Practitioner;
SUSAN J. MARTIN; DAVID NOLAN,
Superintendent; and LISA MITCHELL,
Deputy Superintendent,
      Defendants.

**MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION FOR LEAVE OF COURT TO EXPAND THE RECORD
(DOCKET ENTRY # 46)**

**August 4, 2006**

**BOWLER, U.S.M.J.**

   On July 31, 2006, this court issued a Report and Recommendation on two outstanding summary judgment motions (Docket Entry ## 15 & 32) in this civil rights action filed by plaintiff Tony B. Gaskins ("Gaskins"), an inmate housed at the Massachusetts Correctional Institute in South Walpole, Massachusetts. One day later, on August 1, 2006, Gaskins filed a motion seeking leave of court to expand the record to include the following documents in the summary judgment record: (1) a report of a magnetic resonance imaging ("MRI") scan performed at Tufts New England Medical Center in Boston on January 6, 2006; (2) notes of a February 23, 2006 orthopedic consultation at Lemuel Shattuck Hospital Correctional Unit ("LSH") in Jamaica Plain, Massachusetts, initialed by defendant Stanley Galas ("Galas") on

February 28, 2006; and (3) a February 2006 referral request for the LSH visit.

Gaskins' amended complaint alleges that various prison officials were deliberately indifferent to his medical needs given the delay and inadequate number of physical therapy sessions following December 2004 surgery on his right shoulder. Familiarity with the record is presumed.

The Report and Recommendation concluded that Gaskins satisfied the first prong of an Eighth Amendment violation, i.e., he had a sufficiently serious medical need. The MRI and orthopedic consultation notes simply confirm this finding. As noted in the MRI report and emphasized by Gaskins in the motion for leave, Gaskins suffers from a "'fragmentation of the distal clavical'" with a "'significant amount of separation between the distal clavical and the acromion.'" (Docket Entry # 46).

The Report and Recommendation additionally concluded that defendants were not deliberately indifferent to Gaskins' serious medical needs. The MRI and consultation notes do not alter this court's recommendation. Although the consultation notes reflect the recommendation of at least four to six therapy sessions at LSH "for range of motion, modalities, stretching and strengthening" and a follow up visit to the LSH clinic in four weeks, Galas initialed the consultation notes with the added comment, "Ortho Consult submitted." (Docket Entry # 46, Attached Document). Such conduct does not exhibit an indifference to

Gaskins' serious medical needs including the need for therapy sessions but, instead, reflects a reasonable response. There is no indication that Gaskins did not receive the recommended four to six therapy sessions and little indication that the prescription for such sessions reflects an indifference to the need for past sessions. The fact that the consultation notes also contain a notation that Gaskins "will be presented in orthopedic conference to see if he will require another surgery" (Docket Entry # 46, Attached Document) does not convince this court that a genuine issue of material fact exists regarding the presence of deliberate indifference.

In the alternative, Gaskins provides no explanation why he waited more than five months after the creation of the foregoing documents to seek leave of court to include them in the record. Such lack of diligence militates in favor of denying leave to expand the record. See Arias v. Mutual Central Alarm Services, Inc., 1999 WL 13397571 at * 3 (S.D.N.Y. Jan. 22, 1999) ("[e]ven if there were something material in the new affidavit, and there is not, infra, the Court would not be obliged to relieve plaintiffs of the consequences of their own lack of diligence in responding to the prior motion [for summary judgment]").

## CONCLUSION

In accordance with the foregoing discussion, the motion for leave (Docket Entry # 46) is **DENIED**.

          <u>/s/ Marianne B. Bowler</u>
          **MARIANNE B. BOWLER**
          United States Magistrate Judge