UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10858-GAO

|  |  |
|---|---|
| TONY B. GASKINS,<br>    Plaintiff,<br><br>V.<br><br>UMASS CORRECTIONAL HEALTH SERVICES,<br>DR. CARL SINGLETARY, and<br>STANLEY GALAS, NP, et al.<br>    Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION OF THE DEFENDANTS,UMASS CORRECTIONAL HEALTH SERVICES, DR. CARL SIGNLETARY, AND STANLEY GALAS, NP, TO STRIKE PLAINTIFF'S NOTICE OF APPEAL**

NOW comes the Defendants ("defendants") in the above-entitled matter, who hereby move this court to strike Plaintiff's Notice of Appeal pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure as untimely. As grounds for this Motion, the defendant states as follows:

1. Magistrate-Judge Marianne Bowler entered a Report and Recommendation to allow Defendant's Motion for Summary Judgment on July 31, 2006.

2. Plaintiff filed his Motion for Leave to Appeal "the Report and Recommendations of U.S.M.J Bowler" on July 31, 2006.

3. Jude O'Toole entered an "Order Adopting Report and Recommendations and entered judgment against plaintiff and in favor of the defendants on September 26, 2006.

1092025v1

4. Plaintiff filed a Motion for Leave to Appeal in Forma Pauperis "the Report and Recommendation of U.S.M.J Bowler on July 31, 2006.

5. On November 30, 2006, Plaintiff's Motion for Leave to Appeal in Forma Pauperis was allowed.

6. On October, 22, 2007 – nearly thirteen months after entry of judgment – Mr. Gaskins filed a Notice of Appeal.

7. As of the date of this filing, Plaintiff has never filed for Leave to Appeal in Forma Pauperis, (nor, for that matter, filed a proper Notice of Appeal) as to Judge O'Toole's adoption of U.S.M.J. Bowler's Report and Recommendation of July 31, 2006.

8. Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides in relevant part that:

> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

9. The First Circuit has held that "[w]here an inmate desires to appeal from an adverse judgment, Rule 4(c)(1) provides that 'the notice is timely filed if it is deposited in the institution's mail system on or before the last day for filing.'" Casanova v. Dubois, 289 F.3d 142, 146 (1st Cir. 2002)

10. Importantly, "[t]he fact the defendant was appearing pro se does not excuse the failure to file the claim of appeal within the applicable time period. 'A pro se litigant is bound by the same rules of procedure as litigants with counsel.'" Kellermann, 390 Mass. at 1008. (quoting International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983).). See also, Mains v. Commonwealth, 433 Mass. 30, 35 (2000)

11.     Even if, as the Plaintiff suggests, is his materials, he misinterpreted his own Leave to File Appeal as a Notice of Appeal, the Plaintiff failed to show sufficient cause to rise to the level of excusable neglect.[1] " Excusable neglect has been limited to situations where a party has failed to learn of the entry of the order or judgment or in other extraordinary circumstances where injustice otherwise would result." USM Corp. v. GKN Fasteners, Ltd., 578 F.2d 21, 22 (1st Cir. 1978);  see also United States v. Ferrer, 613 F.2d 1188, 1190 (1st Cir. 1980);  see also, Feltch v. General Rental Co., 383 Mass. 603, 614, 421 N.E.2d 67 (1981)("[e]xcusable neglect is . . . is [meant] to take care of emergency situations only."); Kellermann v. Kellerman, 390 Mass. 1007, 1008 (1984); Pelevan v. Provost, 2006 Mass. Super. LEXIS 546 (Mass. Super. Ct. 2006).

WHEREFORE,  as a result of a more than yearlong delay between entry of judgment and a proper filing of his Notice of Appeal, Plaintiff's Notice of Appeal must be struck as untimely pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

---

[1] In relevant part, Federal Rule of Appellate Procedure 4(a)(1)(A)(5) allows a district court to extend time to file notice of appeal after the thirty day limit if "that party shows excusable neglect or good cause."
  Federal Rules of Appellate Procedure 4(a)(1)(A)(6), in turn,  states that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and(C) the court finds that no party would be prejudiced.
  The Plaintiff has failed to show during the more than one year delay between entry of judgment and notice of appeal any evidence sufficient  none of these criteria.

|  |  |
|---|---|
| I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 12, 2007.<br><br>/s/ *James A. Bello*<br>_____<br>James A. Bello, Esq. | Respectfully Submitted,<br>The Defendants,<br>STANLEY GALAS AND<br>CARL SINGLETARY, M.D.<br>By their attorneys,<br><br>/s/ *James A. Bello*<br>_____<br>**James A. Bello, BBO# 633550**<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |