UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10858-GAO

TONY B. GASKINS,
Plaintiff,

v.

UMASS CORRECTIONAL HEALTH SERVICES,
DR. CARL SINGLETARY, and STANLEY GALAS, NP, et al.,
Defendants.

ORDER
November 28, 2007

O'TOOLE, D.J.

The defendants' motions for summary judgment were referred for hearing to Magistrate Judge Bowler, who in due course filed a report and recommendation that the motions be allowed. The plaintiff objected, and after review I adopted the report and recommendation and judgment in favor of the defendants entered on September 28, 2006. Within thirty days of the entry of judgment, the plaintiff filed a paper that was captioned: "Plaintiff's Motion for Leave to Appeal to the First Circuit Court of Appeals in Forma Pauperis" (dkt. no. 53) and accompanied by a financial statement. I allowed that motion by an order entered November 30, 2006. Apparently the District Court Clerk's Office did not regard the motion as a sufficient notice of appeal, and none of the papers in the case were assembled or transmitted to the Court of Appeals.

When the plaintiff later inquired as to the status of his appeal with the Clerk of the Court of Appeals, he was told that no appeal had been entered. He was advised that he should seek appropriate relief in the District Court, whereupon he filed a paper captioned "Late Notice of

Appeal," in which he asked for leave to file a late notice of appeal. (Dkt. no. 54.) The defendants have moved to strike the "Late Notice of Appeal." (Dkt. nos. 55 and 56.)

The defendants' motions are DENIED.

The "Plaintiff's Motion for Leave to Appeal to the First Circuit Court of Appeals in Forma Pauperis" (dkt. no. 53) sufficiently complied with Federal Rule of Appellate Procedure 3(c) that it is properly construed as a timely notice of appeal. A litigant's filing is sufficient to constitute an adequate notice of appeal so long as it is "the functional equivalent of what [Rule 3] requires," Kotler v. American Tobacco Co., 981 F.2d 7, 11 (1st Cir. 1992), and "provides sufficient notice to other parties and the courts" as to who is appealing what order. John's Insulation, Inc. v. L. Addison & Assocs., Inc., et al 156 F.3d 101, 105 (1st Cir. 1998) (quoting Smith v. Barry, 502 U.S. 244, 248 (1992)).

Rule 3 requires that a notice of appeal identify the name of the party taking the appeal, the judgment or order appealed from, and the name of the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). The plaintiff's motion for leave to appeal in forma pauperis provided at least the "functional equivalent" of the required information. See Smith, 502 U.S. at 248. The only deficiencies were that it was not properly titled "Notice of Appeal" and that it referred to Magistrate Judge Bowler's report and recommendation as the order appealed from, rather than the judgment adopting the report and recommendation. As to the former, proper titling of the notice of appeal is not essential. See Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal. . . ."). As to the latter, it was plain enough that the plaintiff was seeking to appeal the grant of the defendants' motions for summary judgment. That meaning was not obscured by his reference to the document that gave the motions the most substantive discussion,

rather than the formal judgment entered in the case. See Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) ("The clear intent of Mr. Fleming's April 14 motion was to appeal the District Court's March 24 order dismissing his claim. Although he denominated the order being appealed as the court's order of February 27, that order was superceded [sic] by the court's March 24 order, which reached the same conclusion as the former. Mr. Fleming's filings contain all the information required by Rule 3(c) and thus are the 'functional equivalent' of a formal notice of appeal.").

Accordingly, the motion for leave to appeal in forma pauperis filed October 23, 2006, is properly construed as a notice of appeal. So construed it was a timely notice. Fed. R. App. P. 4(a)(1)(A).  The Clerk is directed to transmit the case to the Court of Appeals in accordance with the usual procedures.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge